# Brechtel *v.* Cortright.

*Widow's claim—Trespass—Cause of action.*

A defendant in execution died after levy upon and prior to sale of personal property, the widow in the mean time having claimed her exemption out of the goods levied upon. Due notice was given to the sheriff, who, notwithstanding, sold the property. *Held,* that the plaintiff had a good cause of action in trespass against the sheriff.

*Contradiction of sheriff's return.*

The sheriff having made a specific return it is not competent for him to contradict it.

*Sheriff's sale—Delivery of goods to purchaser:*

When, after a sheriff's sale, the sheriff delivers to the purchaser the key of a lock which he had put upon the cellar where the property was kept, and the purchaser assumed control of and removed it, such act constitutes a delivery.

*Trespass—Sale of goods claimed by widow—Evidence.*

In an action of trespass against a sheriff for goods claimed by a widow, the appraisers who appraised goods as claimed are competent witnesses to prove the amounts and value of the property taken by the widow under her election to retain $300 in personal property when they showed sufficient knowledge to testify intelligently upon the subject.

*Widow's exemption—Finality of dismissal of exceptions to appraisement—Collateral attack.*

Notice having been given to the sheriff of a widow's claim to goods levied upon by him, he is bound by the finding of an auditor dismissing the exceptions to the widow's appraisement, and the confirmation thereof by the court; he cannot collaterally attack her title.

Argued January 17, 1900. Appeal, No. 56, Jan. T., 1900, by defendant, in suit of Emma Brechtel v. E. H. Cortright, sheriff, from judgment of C. P. Wayne Co., May T., 1898, No. 382, on verdict for plaintiff. Before RICE, P. J., BEAVER, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Opinion by BEAVER, J.

Trespass. Before PURDY, P. J.

It appears from the record that pending a levy and sale of personal property defendant died and his widow duly claimed the $300 exemption.

[At the trial the court admitted, over objection of defend-

ant, plaintiff's offer of the report of the auditor on the exceptions filed to the appraisement, for the purpose of showing that the exceptions to the appraisement were dismissed and the appraisement confirmed absolutely, the court ruling as follows: " So far as the offer becomes necessary to show the adjudication of the question involved, it is admitted.   It is admitted for that purpose."]   [9]

[Evidence was also admitted, over defendant's objection, on the part of the plaintiff, showing what goods were set apart for the widow.]  [10]

[Evidence was also admitted, on behalf of the plaintiff, by the appraiser who made the widow's appraisement, as to the value of the property for which the action was brought.]  [11, 12]

[The court rejected an offer of defendant to show an agreement entered into by plaintiff in this action, and the plaintiffs in the execution whereby possession of the property was delivered to the plaintiffs in the execution who were purchasers of the Brechtels interest in the property at the time of the sale by the sheriff; and that this agreement was made about two months after the sale.]  [14, 15]

The following offer of evidence, on behalf of the defendant, was also rejected:

[It being in evidence that the plaintiff in this action agreed to release her claim to the personal property and look to the sheriff for her $300, we offer to ask this witness whether or not she did make that claim to $300 in cash in the hands of the sheriff.]  [16].

The following offer of evidence on behalf of defendant was also rejected:

[We offer in evidence auditor's report marked exhibit " H " it being the auditor's report of distribution of the funds in the hands of the sheriff, filed and confirmed nisi February 22, 1899, and finally confirmed March 2, 1899, for the purpose of showing that the plaintiff in this case made a claim for her $300 exemption on the funds in the hands of the sheriff arising from the sale of defendant's personal property, it already being in evidence that she agreed to release her claim on the specific goods set apart to her as her appraisement and claim her exemption out of the funds in the hands of the sheriff.]  [17]

Defendant submitted the following points:

[1. That from the uncontradicted evidence in the suit, it appears that the property in dispute when levied upon by the sheriff, was the property of William F. Brechtel, the defendant in execution, and therefore, the sheriff was not liable as a trespasser in making the levy.  *Answer* : The legal question which we reserve is involved in that, and we decline to answer it.] [1]

[2. That if the jury believe from the evidence that only the interest of William F. Brechtel, the defendant in the execution, was sold and that there was no delivery of possession by the sheriff to the purchaser, the plaintiff cannot recover in this action.  *Answer* : That we refuse.  We have already said to you that as we regard this case there was a delivery and an absolute sale of the property, and the questions involved are not for your consideration.] [2]

[3. That if the jury believe from the evidence that the property in suit was taken by the purchaser at the sheriff's sale under an agreement entered into between the plaintiffs in the execution and Emma F. Brechtel, the plaintiff in this suit, then there can be no recovery in this action and the verdict must be for the defendant.  *Answer* : That is refused.] [3]

The court charged the jury in part as follows :

[At all events, levies were made on both writs which were in the sheriff's hands during the lifetime of Mr. Bretchel, the defendant in the writs, subsequent to those levies William Brechtel died, and Mrs. Brechtel, his widow, presented a claim to the sheriff, through Mr. Monaghan who was acting as her attorney, asking that property to the value of $300, be set aside to her, and the property which was designated or selected by her at that time was the property in question here.  That notice was given on the 26th of June, prior to the sale of the property, and an appraisement was made and filed on that day which embraces three barrels of whisky and one half barrel of whisky and a half barrel of gin.  This appraisement was confirmed, after some contest, by the court on the 14th of April, 1898. That appraisement vested the title of that property absolutely in Mrs. Brechtel, and any questions in regard to the ownership of the property, if there were any—and it seems that there were some questions raised—should have been tested before the final confirmation of that appraisement.] [4] . . . .

384, (1900.)]    Charge of Court—Opinion of the Court.

[The sheriff having made return upon his writs of the sale of the property of the defendant, and the list of that property being included in a schedule attached to the writs, and that return being without conditions or qualifications annexed to it, but being a return of an absolute sale of the property, the question as to whether the sheriff sold the interest of the defendant or sold the property absolutely, we think, cannot be considered in this case, but that so far as the sale is concerned it was an absolute sale of this property, and the testimony shows that there was a delivery of the property in question to Mr. Ferber.] [5] . . . .

[The sheriff testifies that he put a lock on the door—a lock which belonged to him—and that he delivered the key of that lock to Mr. Ferber, and that gave Mr. Ferber the possession of the property in question.] [6]  . . . .

[The verdict which you will render in this case will be for the plaintiff for such value as you place upon the property in question here, such value to be ascertained from the testimony which has been offered in the case.  You have heard the testimony in regard to the quantity of whisky sold and which the plaintiff here claims was set apart to her under her claim of $300.  The value of that should be ascertained from the testimony by the jury and a verdict returned accordingly.] [7]

Verdict and judgment for plaintiff for $279.01.    Defendant appealed.

*Errors assigned* were (1–3) refusing defendant's points, reciting same.    (4–7) To portions of the judge's charge, reciting same.    (8) Answer to defendant's request for more specific instructions to the jury.    (9–17) Ruling on evidence, reciting same.

*P. J. Iloff* and *M. E. Simons*, for appellant.

*F. M. Monaghan,* with him *F. P. Kimble*, for appellee.

OPINION BY BEAVER, J., April 23, 1900 :
The defendant, the sheriff of Wayne county, levied upon certain personal property of the husband of the plaintiff.    The

husband died.   Letters of administration were duly issued to the plaintiff and she, as widow, elected to retain a portion of the property levied upon, of which election the sheriff had notice before the sale.   The appraisement was made upon the day of the sale.   Subsequently, upon exceptions filed to the widow's appraisement, the same were referred to an auditor who, after due notice, dismissed the exceptions and the appraisement was finally confirmed by the court, April 14, 1898, to which confirmation there were no exceptions and from which there was no appeal.

1. Upon this state of facts it is difficult to understand the materiality of the defendant's first point, the refusal to answer which constitutes the first assignment of error.   The court did not refuse the point but declined to answer it, inasmuch as it was involved in the general legal question which was reserved. It is true there was no contradiction of the evidence in regard to the ownership of the property when the levy was made and there was no allegation, on the part of the plaintiff, that in making such a levy the sheriff was a trespasser, but the point was wholly immaterial.   The real question involved was the trespass of the sheriff in making the sale after notice of the election of the widow to retain the personal property sold.

2. To the writs in the sheriff's hands he returned that " I did, on the 26th of June, 1897, sell defendant's personal property to various persons for the sum of $495.40."   This return, being specific and not uncertain, was conclusive and it was not competent for the sheriff to contradict it.   This has been so long and so well settled that the authorities need not be cited.   The answer to the defendant's second point and the portion of the charge relating to the same subject, as set forth in the second and fifth assignments of error, are, therefore, not erroneous.

3. After the sale, the sheriff delivered to the purchasers of the property claimed by the widow, inter alia, the key of a lock which he had put upon the cellar where the property was kept.   The purchasers, as they testified, assumed control of it and continued to do so, until they removed it.   There was practically, therefore, no contradiction as to facts which the court held constituted a delivery.   We can see no error in the various rulings of the court below upon this question.   The third, sixth, fourteenth and fifteenth assignments of error are overruled.

4. The appraisers were competent witnesses to prove the amount and value of the property taken by the widow under her election to retain $300 in personal property. They showed sufficient knowledge to testify intelligently upon the subject and the evidence was properly admitted. The instruction of the court to the jury in regard to the measure of damages was entirely proper and indeed the only instruction which could have been properly given on that subject. The seventh, eighth, tenth, eleventh and twelfth assignments of error are also overruled.

5. The title of the plaintiff was determined by the judgment of a court of competent jurisdiction, of which the defendant had due legal notice. He was, therefore, bound by the finding of the auditor, dismissing the exceptions to the widow's appraisement and the confirmation thereof by the court. He could not collaterally attack her title. No competent evidence was offered or received which tended in any way to overturn her title or deprive her of the property itself. The fourth, ninth, sixteenth and seventeenth assignments are likewise dismissed.

6. The court reserved the question whether or not, under all the evidence in the case, the plaintiff was entitled to recover and subsequently entered judgment upon the verdict. After an examination of the whole record and a careful reading of all the testimony, we are convinced that in doing so the defendant was in no way injured. The plaintiff had a clear right, under the evidence, to recover, and the judgment entered upon the verdict which was for less than the plaintiff's claim would seem to show that the jury had discriminatingly discharged their duty.

Judgment affirmed.