# Westmoreland Guarantee Building & Loan Association, Appellant, *v.* Nesbit.

*Sheriff's sale—Setting aside—Inadequacy of price.*

A bona fide purchaser at a sheriff's sale of land, the moment it is knocked off to him, if he complies in all respects with the conditions of sale, instantly acquires a vested right to the property sold. Such a purchaser would be bound by his bargain thus made, although his bid greatly exceeded its value, and if he purchased at a bona fide sale greatly below the value, the vendor would be bound by the sale. Equality in this case at least is equity.

A sheriff's sale will not be set aside where the only reason urged in addition to inadequacy of price is that the president of the building and loan association which owned the first lien, being obliged to be away on business on the day of the sale directed his son to attend the sale and bid, and that the son forgot about the sale because of unusual business duties.

Argued April 22, 1902. Appeal, No. 120, April T., 1902, by plaintiff, from order of C. P. Westmoreland Co., Nov. T., 1901, No. 272, discharging rule to set aside sheriff's sale in case of Westmoreland Guarantee Building & Loan Association v. Robert Nesbit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to set aside sheriff's sale.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Cyrus E. Woods* and *Paul H. Gaither*, for appellant.—Where there is gross inadequacy of price the court may seize upon the circumstances of accident and mistake on the part of the execution creditor in order to give relief : Twells v. Conrad, 2 W. N. C. 30 ; Phillips v. Wilson, 164 Pa. 350 ; Laird's App., 2 Pa. Superior Ct. 300; Cummings's App., 23 Pa. 509 ; Tripp v. Cook, 26 Wend. 152 ; Schlaudecker v. Marshall, 72 Pa. 200 ; Hennessey v. Carmony, 50 N. J. Eq. 625.

*Edward E. Robbins*, with him *H. E. Marker, C. B. Hollingsworth* and *John E. Kunkle*, for appellee.—The case belongs to a

class over which the court exercises discretionary power, and unless that discretion has been abused the appellate court will not reverse the court below : Germer v. Ensign, 155 Pa. 464; Felton v. Felton, 175 Pa. 44 ; Cake v. Cake, 156 Pa. 47 ; McKee v. Kerr, 192 Pa. 169 ; Weaver v. Lyon, 5 Atl. Repr. 782; Swires v. Brotherline, 41 Pa. 135; Cummings v. Little, 16 N. J. Eq. 48.

OPINION BY ORLADY, J., July 10, 1902 :

The appellant secured a judgment against the defendant for $1,200, and, on October 4, 1901, had a writ of fieri facias issued thereon, by virtue whereof two tracts of land belonging to the defendant were levied upon by the sheriff and advertised to be sold by him on November 8, 1901. At the plaintiff's instance the sale was adjourned until November 16, 1901, and, on that day, in the absence of any person representing the plaintiff, the property was sold to E. F. Robbins and H. E. Marker for the sum of $201, which sale, so made, divests the lien of the plaintiff's judgment. The plaintiff moved promptly in asking the court to set aside the sale as made by the sheriff, and assigned, as his sole reason therefor, that on the morning of the day set for the sale the president of the plaintiff association, to whom was committed the full charge of the business, " was called away from home, and notified his son, Charles Keck, one of the employees of the petitioner in his stores, that the said sheriff's sale would be held at one o'clock that day, and that he should bid up the property to cover the said judgment, ($1,316), but that he expected to return in sufficient time to be present at the sale in person ; that he was unavoidably detained and did not return to Greensberg in time to attend said sheriff's sale, but, in his absence, relied upon the instructions given his son as aforesaid to attend the sale; that his failure to return home was overlooked by his son, who in turn forgot about the sale because of his unusual business duties incident to that day's trade." He averred a willingness to pay the said sum of $1,316 for the property, the sheriff not having yet acknowledged the deed to the purchasers to whom it had been knocked down. A rule was granted, which was subsequently discharged by the court, from which order this appeal is taken. It is conceded that all of the proceedings were regular, that the

plaintiff had full control of the writ, that the defendant debtor does not join in the application to set aside the sale.  On the face of the record, it is apparent that the price at which the property was sold is grossly out of proportion to its fair value, and that the purchasers were volunteer bidders at the sale.

It was held in Laird's Appeal, 2 Pa. Superior Ct. 300, after a careful review of many authorities of the Supreme Court, that the subject is one which belongs to the class over which the lower courts exercise a discretionary power in view of all the circumstances prescribed to them for consideration.  We cannot presume that this power was abused in this instance, and, except for the abuse of it, we do not ordinarily interfere in matters resting on the discretion of the lower courts ; and where, in the exercise of its discretionary power to grant summary relief in proceedings of this nature, the court acts on extrinsic evidence, the presumption is that everything was done rightfully and according to law.

This case was cited with approval in Stroup v. Raymond, 183 Pa. 279, in which citation is made from Young's Appeal, 2 P. & W. 380, as follows :  " A bona fide purchaser at a sheriff's sale of land, the moment it is knocked off to him, if he complies in all respects with, the conditions of sale, instantly acquires a vested right to the property sold.  Such a purchaser would be bound by his bargain thus made, although his bid greatly exceeded its value, and, if he purchased at a bona fide sale greatly below the value, the vendor would be bound by the sale.  Equality, in this case at least, is equity ; " and adds :  " We are elearly of the opinion that the rule was founded upon the soundest reason and should be adhered to.  If the decree of the court had for its foundation only the reason, that inadequacy of price was sufficient to set aside the sale, we would reverse it as a palpable abuse of discretion."    See also, Myer's Appeal, 192 Pa. 458.

It has been held in many cases that when great inadequacy of price is conceded and there are other circumstances in the case which should move the court as matter of equity, that the sale may be set aside, and it was held in Light v. Zeller, 195 Pa. 315, that " What other circumstances are sufficient for this purpose is largely in the discretion of the court below."

In the case before us, following the authorities, there is no

ground for reversing the action of the court below. The plaintiff's representative, the president of the association and its regular attorney, were not deceived or misled by the action of any other person, the sole ground being personal negligence in that this important business was overlooked on account of other duties incident to the personal affairs of the petitioner. We are not merely to substitute our view of a discretionary act for that of the court below, but under the clearly defined decisions are to examine the record, fortified by the presumption that the court below has properly discharged its discretionary duty. If a sheriff's sale is to be set aside for such grounds as presented in this petition, the many decisions of the Supreme Court cease to be a guide to the profession, and purchasers at sheriff's sales would stand in no better position than in orphans' court sales, where the purchase is not complete until confirmed by the court and the purchaser is regarded as standing in the situation of a bidder at a master's sale in chancery; his bid is but an offer to the court, which may be accepted or not at the court's discretion: Bowers's Appeal, 84 Pa. 311.

"We do not review the action of the lower courts in setting aside sheriff's sales except in extreme cases and this is not one of them:" Ritter v. Getz, 161 Pa. 648.

The order is affirmed.