## Philadelphia Saving Fund Society *v.* Purcell.

*Sheriff—Sheriff's sale—Return—Change of return—Jurisdiction of court.*
    Where the sheriff has made a complete and perfect return that he sold property to one person, the court has no jurisdiction to compel him to return that he sold the property to another person.   If the return as made is false, the party injured has his remedy against the sheriff and his surety.
    A sheriff's formal and correct return of his writ cannot be overthrown by parol evidence.

Argued Dec. 17, 1903.   Appeal, No. 205, Oct. T., 1903, by John Black, from order of C. P. No. 2, Phila. Co., March T., 1903, No. 2713, discharging rule to compel the sheriff to amend his return in case of Philadelphia Saving Fund Society v. Peter Purcell et al.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON JJ.   Affirmed.

Rule on sheriff to show cause why his return of sale should not be amended.

The facts are set forth in the opinion of the Superior Court.
The court discharged the rule.

*Error assigned* was the order of the court.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellant.—The court below had authority to correct or amend the sheriff's return in accordance with the facts as to the sale : Act of April 21, 1846.

*Thomas H. McCaffrey*, for appellees.—The court was without power to correct or amend the sheriff's return : Mentz v. Hamman, 5 Wharton, 150 ; Blythe v. Richards, 10 S. & R. 261 ; Kennedy v. Baker et al., 159 Pa. 146 ; Brechtel v. Cortright, 13 Pa. Superior Ct. 384.

*George T. Bispham*, for Savings Fund.

OPINION BY MORRISON, J., January 21, 1904 :

The plaintiff, in the court below, issued a scire facias on a mortgage and on May 25, 1903, obtained judgment for $1,513.40. On May 27, 1903, a levari facias was issued thereon and the mortgaged property, 1636 Lombard street, was exposed for sale by the sheriff on July 6, 1903. The sheriff made return on his writ that he sold the property therein described to William Allen for $2,500. John Black, the appellant, presented his petition on July 24, 1903, and procured a rule upon the parties and the sheriff to show cause why the sheriff's return should not be corrected or amended to show the sale to John Black and why a deed should not be executed, acknowledged and delivered to him. To this petition answers were filed, and on September 28, 1903, the court discharged the rule, and the said John Black appealed to this court and assigns for error : 1. The learned court below erred in discharging appellant's rule upon the sheriff and the other parties to show cause why the sheriff's return should not be amended to show the sale of the property to appellant ; and why the sheriff should not execute, acknowledge and deliver a deed for the property to appellant. 2. The learned court below erred in not making absolute said rule.

We, therefore, have the plain question raised as to whether a court has power to compel the sheriff to change and amend his return so as to show that he sold the property to John Black for $1,850, when the return made by the sheriff, which is complete and perfect upon its face, shows that the property was sold to William Allen for $2,500. It is not pretended

that there is any defect or error in the return as to form and substance.

The learned counsel for John. Black relies on the act of assembly of April 21, 1846, P. L. 430, and argues with much zeal that this act gives the court power, and under the facts as he asserts them, makes it the duty of the court to compel the amendment of the sheriff's return in accordance with the prayer of the petitioner.   This act reads : " That in all cases where any real estate hath been heretofore sold, or shall hereafter be sold, under any execution issued out of any of the courts of record in this commonwealth, and the sheriff, or other officer making such sale, shall have made, or hereafter may make a defective or informal return of his proceedings upon such execution, it shall be lawful for the purchaser at such sale, or other person or persons interested therein, to apply by bill or petition, to the court out of which such execution issued, setting forth the facts of the case," etc.   It is not necessary to quote the remainder of the act.   It is difficult to understand how any one can misunderstand the plain provisions of this act.   It was intended for cases where the sheriff or other officer makes a defective or informal return of his proceedings upon the execution.   The jurisdiction of the court depends upon this important fact, and unless the return is defective or informal it is too clear for argument that the court has no authority and no power under this act to compel a sheriff to return that he sold the property to B when he has already made a complete and perfect return that he sold it to A.   We hold that this act does not confer any authority or power on the court to compel the sheriff to change his return, whereas in the case under consideration it is complete and perfect upon its face.   In addition to this the learned counsel has cited no act of assembly and no authoritative decision which attempts to give the court any such power. The sheriff is a commissioned officer acting under the solemnity of his official oath and under the obligation of his bond, and when he deliberately makes a return to a writ in proper and legal form and adheres to it, we know of no authority of law for compelling him to change it.   If the return is false the party injured undoubtedly has his remedy, but that question is not now before us, and therefore we dismiss it.

The counsel cites Young's Appeal, 2 P. & W. 380, and considers his quotations from that case so important that they are printed in italics. It should be noticed that his quotation from Judge Ross's opinion is in a case where the Supreme Court had no jurisdiction and the appeal was dismissed, and three of the judges did not concur in the opinion which Judge Ross wrote. But inasmuch as the doctrine of Judge Ross's opinion has been quoted approvingly in other cases we call attention to the fact that his language was predicated of a sheriff's return, "sold real estate to Peter Young on March 18th for $2,020, which sale was on motion set aside by the court." "The bona fide purchaser, at a public sale of land, the moment it is knocked off to him, if he complies in all respects with the conditions of sale, instantly acquires a vested right to the property sold. Such a purchaser would be bound by his bargain thus made, although his bid greatly exceeded its value. And if he purchases at a bona fide sale, greatly below the value, the vendor will be bound by the sale. Equality in this case at least is equity." Thus we see that the court below was criticised for setting aside a sheriff's sale of real estate on a return which was regular and complete upon its face.

In the case under consideration John Black claims that he purchased the real estate for the sum of $1,850. But what evidence has he of this? The sheriff returned that he sold the property to William Allen for the sum of $2,500, and so long as the sheriff gives this return the sanction of his official act it is conclusive upon the pending question. In the investigation made in pursuance of the rule it was made to appear that the sheriff struck the property down to another party for $2,600, and in a few minutes thereafter it was put up and again struck down to Black for $1,850. And then again in a few minutes it was put up and struck down to William Allen for $2,500. It is unnecessary to inquire why this was done. It is sufficient for our purpose to say that the only evidence of a sale that we can recognize is the official return made by the sheriff. It is probable that the sheriff had a good and sufficient reason for not treating any of these bids and striking down as a valid sale except the one he returned as to William Allen. We believe it is almost a universal prac-

tice of sheriffs to immediately put up the property and re-sell it if the purchaser does not comply with the terms of sale.

Westmoreland Guarantee Building & Loan Association v. Nesbit, 21 Pa. Superior Ct. 150, is cited, but undoubtedly that was a case where the sheriff made a return of the sale. That case is also authority for a large discretionary power in the lower courts in regard to the setting aside of sheriff's sales of real estate, but we cannot understand how the court below can proceed at all upon the question of setting aside a sheriff's sale of real estate until the sheriff has made a return so that the court may know what has been done. Suppose a man presents a petition to the court alleging that he purchased real estate at a sheriff's sale, and that the sheriff refuses to make return in accordance with the facts, necessarily the first step will be for the court to require the sheriff to make a return, and if he returns that the property was sold to somebody else we appre-hend the petitioner has only one remedy, and that is to sue the sheriff for a false return. Stroup v. Raymond, 183 Pa. 279, is an authority that the setting aside or refusing to set aside a sheriff's sale is in the sound discretion of the lower court and unless there be manifest and gross abuse of that discretion the Supreme Court will not disturb the decree. See also Light v. Zeller, 195 Pa. 315. But we do not propose to discuss the question of the discretion of the lower court in regard to the question under consideration. We hold that in law there was nothing else for the court to do but discharge the rule.

A sheriff's formal and correct return of his writ cannot be overthrown by parol evidence: Blythe v. Richards, 10 S. & R. 261.

The sheriff having made a specific return it is not competent for him to contradict it. The sheriff returned that, "I did, on June 26, 1897, sell defendant's personal property to various persons for the sum of $495.40. This return being specific and not uncertain, was conclusive, and it was not competent for the sheriff to contradict it:" Brechtel v. Cortright, 13 Pa. Superior Ct. 384. Kennedy, Appellant, v. Baker et al., 159 Pa. 146, is another authority that the return of a sheriff cannot be over-thrown by proof dehors the record. Mentz and another against Hamman, 5 Wharton, 150, is to the same effect.

VOL. XXIV—14

Our conclusion is that the sheriff's return that he sold the real estate to William Allen for $2,500 is conclusive in this proceeding and establishes the fact that the said property was not sold by the sheriff to John Black. Of course we only mean to say that it is conclusive upon the question now before us. We are not to be understood as attempting to indicate that in a suit by Black against the sheriff for a false return this return will be conclusive. In a suit of that kind it would be the very basis of the action and the burden would be on the plaintiff to show that the return was false, and he was damaged thereby.

If we were to concede that the setting aside of the sheriff's return was discretionary with the court, which we have no notion of conceding, we would then incline to the view that the petitioner has not shown any such abuse of discretion by the court below as would warrant this court in reversing the order discharging the rule.

The assignments of error are all dismissed and the order of the court discharging the rule is affirmed and the appeal dismissed at the costs of John Black, appellant.