# Ritter, Appellant, *v.* Getz.

*Sheriff's sale—Setting aside sale—Discretion of court.*

Where an application to set aside a sheriff's sale is made immediately after the sale, and before the acknowledgment of the deed, and the price is grossly inadequate, the court is at liberty to seize upon any other circumstance in order to give relief.

In such a case the court is justified in taking into consideration the fact that a rule to stay the writ was pending, and that the defendant and certain persons who expected to bid, by reason of the rule, either did not attend the sale, or did not prepare themselves to bid.

Argued May 9, 1894. Appeal, No. 454, Jan. T., 1894, by plaintiff, James R. Ritter, from order of C. P. Union Co., March T., 1892, No. 133, making absolute rule to set aside sheriff's sale. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rule to set aside sheriff's sale.

The following opinion was filed by McCLURE, P. J.:

" Justice WOODWARD in Swires v. Brotherline et al., 41 Pa. 135, says that ' courts having control of writs of execution do sometimes treat gross inadequacy of price as a reason for setting aside sales of real estate.' We know of no case wherein it is held that mere inadequacy of price is sufficient cause for setting aside a sheriff's sale of real estate otherwise regular. See Weaver v. Lyon, 5 Atl. R. 782, where the question was squarely raised. In that case the application was not made until after the acknowledgment of the deed. The rule, however, seems to be the same whether the application be made before or after the acknowledgment. ' Property lawfully exposed to public sale must take the chances : ' Justice WOODWARD in Swires v. Brotherline, supra ; and Chancellor GREEN in Cummins v. Little, 16 N. J. Eq. 48, says : ' If mere inadequacy of price were a ground of relief, the principle would act as a stay law.'

" Where, however; the price is grossly inadequate, the courts seize hold of any irregularity, misapprehension or circumstance connected with the sale which may tend to diminish the value of the property or to prevent competition among bidders and which, together with the inadequacy, will make a sufficient

reason for a resale : Twells v. Conrad, 2 W. N. 30 ; Ellis v. Bleim, 2 W. N. 290 ; Whitaker v. Birkey, 2 W. N. 476.

" The depositions show $100 to be a grossly inadequate price for this property. Subject to the life estate of the widow, now 68 years of age, it is worth probably at a low estimate $1,000. There was a rule pending to stay the writ, issued at the defendant's instance, on a petition alleging that sufficient funds had been realized from the sale of his father's property to pay the plaintiff's judgment, and contending that by reason thereof there was no necessity for the sacrifice of his real estate. The argument on this rule, during my absence, was not heard until an hour or two before the time fixed for the sale. It was decided immediately against the defendant, the rule was discharged and the sheriff was ordered by the plaintiff to proceed with his writ. The property was struck down to the plaintiff on his bid of $100, the only one made. The depositions show that owing to the pending rule several responsible parties who intended to bid on the property were misled and did not attend the sale, and the defendant himself, no doubt depending upon the success of his application to stay the writ, was not in a position to protect his interests on account of the very brief period between the decision against him and the sale.

" We think there was such a misapprehension of the status of the case on the part of the defendant and would-be bidders for the property, and surprise at the result of the application to stay, as, taken in connection with the fact that the price was ridiculously low and grossly inadequate, to warrant our ordering a resale.

" It is objected on the part of the plaintiff that no bond has been tendered that the property will bring a better price when again put up by the sheriff. A bond is only demanded when there is a doubt as to the price being inadequate : Whitaker v. Pratt, Dist. Ct., Phila., Sept. 16, 1848 ; Troubat & Haley, vol. 1, p. 728, note. If we had any doubts as to the inadequacy or that the property would not bring a greatly enhanced price upon a resale, we could make the decree conditioned upon the filing of a bond. But we have none."

" January 26, 1894.   Rule absolute at defendant's costs."

*Error assigned* was above order.

*J. C. Bucher, E. M. Beale* with him, for appellant, cited: Cake v. Cake, 156 Pa. 47; Weaver v. Lyon, 5 Atl. R. 782; Bank v. Bertolet, 1 Woodward, 88; Schwartz v. Weinsheimer, 2 Northampton R. 210; Woods v. Monell, 1 Johns. Ch. 502; Germer v. Ensign, 155 Pa. 464.

*J. M. Linn, P. B. Linn* with him, for appellee, cited: Whitaker v. Birkey, 2 W. N. 476; Laird v. McCarter, 2 W. N. 213; Young's Ap., 2 Pa. 380; Rees v. Berryhill, 1 Watts, 263; Jackson v. Morter, 82 Pa. 294; Connelly v. Phila., 86 Pa. 111; Shakespeare v. Delaney, 6 W. N. 139; Germer v. Ensign, 155 Pa. 464; Cake v. Cake, 156 Pa. 47.

PER CURIAM, May 21, 1894:

We see no reason for disturbing the discretionary action of the learned court below in this case in setting aside the sheriff's sale. The reasons stated in the opinion are quite sufficient to justify the action of the court. The application to set the sale aside was made immediately after the sale and before the acknowledgment of any deed. The price was grossly inadequate, and the court was at liberty to seize upon any other circumstances in order to give relief. We do not review the action of the lower courts in setting aside sheriff's sales except in extreme cases, and this is not one of them.

Order affirmed and appeal dismissed at the cost of the appellant.