## J. G. Phillips, Appellant, *v.* A. J. Wilson.

*Setting aside sheriff's sale—Inadequate price—Mistake of attorney—Discretion of court—Practice, C. P.*

A court does not abuse its judicial discretion in setting aside a sheriff's sale where it appears that only $195 was bid at the sale, where the application to set aside the sale is accompanied by an offer to bid $1,500, and it also appears that counsel for a mortgage creditor had neglected to bid under a mistaken impression that the mortgage would not be discharged.

Argued Oct. 3, 1894. Appeal, No. 73, Oct. T., 1894, by plaintiffs, from order of C. P. Westmoreland Co., Nov. T., 1893, fi. fa. No. 66, making absolute rule to set aside sheriff's sale. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ: Affirmed.

Rule to set aside sheriff's sale.

The following opinion was filed by DOTY, P. J.

" We are asked by counsel for exceptant to put in writing our reasons for setting aside the sale. The petition to set aside the sale is made by George D. Hamor, Esq., in his own behalf and as attorney for the Land Title and Trust Company, and the answer to the rule is made by Jno. C. Robinson, Esq., on behalf of the purchaser and execution creditor. Both the petitioner and respondent are members of this bar.

" The property was sold for $195. The petition avers that it is easily worth $2,300, and this averment is not denied. The property was therefore sacrificed at the sale. The price was grossly inadequate, being less than one tenth of its admitted value. Mere inadequacy of price is not sufficient ground for setting aside a sheriff's sale, although there is an intimation in Germer v. Ensign, Admr., 155 Pa. 464, that a sale should be set aside where application is made promptly and the application is accompanied by an offer to bid a considerable increase over the price brought at the sale. In the present case prompt application was made, accompanied by an offer to bid $1,305 over the price of $195 brought at the sale.

" The rule is stated in Ritter v. Getz, 161 Pa. 648, that when the price is grossly inadequate the court is at liberty to seize upon any other circumstance in order to give relief.

" It is very evident that the attorney for the mortgagee was misled.   The bid was little more than sufficient to cover costs. No attempt was made to protect the mortgage creditor.   The counsel for the execution creditor avers that Mr. Hamor knew the lien of the mortgage would be discharged.   The petition affirms the contrary, and the fact is evident that he did not know the lien was discharged, as he permitted the property to be sacrificed without any effort to protect his client.   The liens prior to the mortgage had been paid, excepting costs, but the liens were unsatisfied.   The petitioner was in error as to the law.   Purchasers who buy under the impression that a mortgage is discharged are sometimes relieved when it turns out that the mortgage in fact is not discharged.   We are of the opinion that the order setting aside the sale was right, because the price was grossly inadequate and because it is evident that the counsel for the mortgagee was misled.   The execution creditor has no right to complain, as he can realize nothing from the sale.   The small fund arising from the sale will go first to costs, and whatever balance there may be to the mortgagee.   If the sale is confirmed, the property is sacrificed, and the mortgagee realizes nothing.   To prevent this wrong, and for the reasons already given, the sale was set aside."

*Error assigned* was order setting aside sale.

*E. B. McCormick, John C. Robinson* and *Frank B. Hargrave* with him, for appellant.—Mere inadequacy of price is not sufficient cause to set aside a sheriff's sale of real estate, otherwise regular: Ritter v. Getz, 161 Pa. 648; Cake v. Cake, 156 Pa. 47; Weaver v. Lyon, 5 Atl. R. 782; Bank v. Bartolet, 1 Woodw. Dec. 88; Swires v. Brotherline, 41 Pa. 135; Cummins v. Little, 16 N. J. Eq. 48.

*J. S. Moorhead* and *John B. Head*, for appellee, not heard, cited: Swires v. Brotherline, 41 Pa. 140; Ritter v. Getz, 161 Pa. 650; Germer v. Ensign, 155 Pa. 466.

PER CURIAM, Oct. 15, 1894:
This appeal is destitute of merit.   Instead of showing such abuse of judicial discretion,—on the part of the court below, in

setting aside the sheriff's sale in question,—as would justify our interference, the record shows quite the contrary. From what appears therein, we are satisfied that, in making absolute the rule to show cause why the sale should not be set aside, the learned court acted within the lines of sound judicial discretion. Further comment is unnecessary. The correctness of the decree complained of is sufficiently vindicated in the opinion filed at the instance of appellant's counsel and sent up with the record.

Decree affirmed and appeal dismissed with costs to be paid by appellants.