# Anna H. Stroup v. Charles N. Raymond. Appeal of Wilmer Crow.

183 279
d192 460
183 279
195 317
183 279
21 SC 152
183 279
24 SC 209
183 279
f41SC²287
41SC²288

*Sheriff's sales—Setting aside sale—Discretion of lower court.*

The setting aside or refusing to set aside a sheriff's sale is in the sound discretion of the lower court, and unless there be a manifest and gross abuse of that discretion the Supreme Court will not disturb the decree.

The setting aside of a sheriff's sale for no other reason than inadequacy of price is such an abuse of discretion as will require the Supreme Court to reverse the decree.

The Supreme Court will not reverse a decree setting aside a sheriff's sale where it appears that all the parties interested mistakenly supposed that the property was sold subject to a mortgage, when in fact it was not, and by reason of such mistake the property was knocked down for a grossly inadequate sum.

Submitted Oct. 25, 1897. Appeal, No. 2, May T., 1898, by Wilmer Crow, from order of C. P. Dauphin Co., setting aside

sheriff's sale. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Appeal quashed.

Rule to set aside sheriff's sale.

The court made absolute the rule to set aside the sheriff's sale.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Meade W. Detweiler*, for motion to quash the appeal.—No appeal lies from the decree of the lower court setting aside a sheriff's sale for gross inadequacy of price coupled with a mistake as to the effect of a prior incumbrance : Phillips v. Wilson, 164 Pa. 350 ; Germer v. Ensign, 155 Pa. 464 ; Twells v. Conrad, 2 W. N. C. 30 ; Whitaker v. Birkey, 2 W. N. C. 476 ; Leonard v. Leonard, 20 W. N. C. 346 ; Laird's App., 2 Pa. Superior Ct. 300.

Since such appeals never have been sustained in this court, and since the fact that this one also is without merit appears upon the face of the record, it is submitted that the appeal should be quashed : Sloan's Case, 8 Watts, 194.

*Benjamin L. Forster* and *John E. Snyder*, contra.—The purchaser at a sheriff's sale acquires a vested interest: Young's Appeal, 2 Penrose & Watts, 382 ; Woods v. Monell et al., 1 Johns. Chan. 502 ; Troup v. Wood, 4 Johns. Chan. 254 ; Carson's Sale, 6 Watts, 146.

That this court will entertain jurisdiction of an appeal from the decree of the court below " setting aside a sheriff's sale," " refusing to set aside a sheriff's sale," " dismissing or sustaining exception to acknowledgment of sheriff's deed," the following partial list of cases, in which the court exercised the jurisdiction and affirmed or reversed the order of the court below, fully shows : Hoffa v. Morter, 82 Pa. 297 ; Felton v. Felton, 175 Pa. 44 ; Hollister v. Vanderlin, 165 Pa. 248 ; Ritter v. Getz, 161 Pa. 648 ; Connelly v. Philadelphia, 86 Pa. 111 ; Phillips v. Wilson, 164 Pa. 350 ; Cake v. Cake, 156 Pa. 47 ; Evans v. Maury, 112 Pa. 300 ; Laird's Appeal, 2 Pa. Superior Ct. 300 ; Feagley v. Norbeck, 127 Pa. 242 ; Packer v. Owens, 164 Pa. 194 ; Harger v. Commissioners, 12 Pa. 251.

OPINION BY MR. JUSTICE DEAN, November 8, 1897:

Charles N. Raymond borrowed from Anna H. Stroup $2,000, and to secure the loan, executed to her a mortgage in that sum on a lot of ground and dwelling house in the borough of Middletown. The value of the property was not less than $2,500. A judgment bond accompanied the mortgage; default having been made by Raymond in payment of the debt and interest, judgment was entered on the bond, execution issued, and the mortgaged property seized and sold by the sheriff on December 30, 1896, to Wilmer Crow, this appellant, at his bid of $400. There were other bidders, but it is found as a fact by the court below, from the testimony, that all parties interested, which would include plaintiff, defendant and purchaser, believed the sale was made subject to the mortgage. It appears clearly from the testimony, that Crow, the purchaser, until some time after the sale, assumed the property had cost him over $2,400. It was then discovered, that as the sale had been made on the bond the mortgage had been given to secure, the lot was discharged from the lien of the debt. This rule was then taken, at instance of an intending bidder, and plaintiff and defendant, before the sheriff's deed was acknowledged, to set aside the sale. A bond with ample security was tendered, to be filed in court, stipulating that on a resale a bid sufficient to cover mortgage, debt, interest and costs would be made. After testimony taken, the court set aside the sale. The purchaser, Crow, appealed to this court, and counsel for plaintiff and defendant in the judgment, now move to quash the appeal, assigning several reasons, only one of which we notice, viz: No appeal lies from the discretionary exercise of a power resting with the common pleas. It is settled that the setting aside or refusing to set aside a sheriff's sale, is in the sound discretion of the court below; and unless there be a manifest and gross abuse of that discretion, this court will not disturb the decree. All our cases touching the question are so fully cited in the opinion of the Superior Court, Laird's Appeal, 2 Pa. Superior Ct. 300, that we need not repeat them. And it is held in the same cases, that this court may either affirm the decree or quash the appeal. But it may be argued, that there was a manifest abuse of discretion here, because the learned judge of the common pleas sets out as a reason for setting aside the sale, gross inadequacy

of price, which the law has settled, is not of itself a sufficient reason. If this were the only reason on which the decree rested, the argument of appellant would be sound; clearly, it is an abuse of discretion, when to reach a decree, the court itself overrides the established law. Substantially the same position was taken by the court below in Young's Appeal, 2 P. & W. 380, decided in 1831, as is taken by the court below in the case before us. All the judges concurred in dismissing Young's Appeal, because no appeal was given by the act of 1827; two of the judges, ROSS and GIBSON, C. J., wholly dissented from the reasons given by the court below for setting aside the sale; the other three judges declined to express an opinion, as to this part of the case, because it had not been argued. But the opinion of ROSS, J., concurred in by GIBSON, C. J., has ever since been followed by this court as the law, and is conceded by the learned judge of the court below to have been the law so lately as Ritter v. Getz, 161 Pa. 648. But he thinks "the time has arrived when the hoary pretense of 'seizing upon other circumstances' might safely be sent to keep company with the many other useless fictions that have been abandoned in the modern desire for a more straightforward administration of the law, and that the courts should admit that when the price is grossly inadequate, that of itself is a valid reason for setting aside a sheriff's sale."

We do not think this statement meets the reasoning in Young's Appeal, supra. The opinion there states: "The bona fide purchaser at a sheriff's sale of land, the moment it is knocked off to him, if he complies in all respects with the conditions of sale, instantly acquires a vested right to the property sold. Such a purchaser would be bound by his bargain thus made, although his bid greatly exceeded its value. And if he purchase at a bona fide sale, greatly below the value, the vendor would be bound by the sale. Equality, in this case at least, is equity." The opinion then goes on to show that any other rule would necessarily affect sheriff's sales very injuriously, because buyers would not attempt to purchase at such sales, when they could be set aside for mere inadequacy of price. We do not see that lapse of time has changed the rule that "equality is equity" into the opposite one that inequality is equity. The same reasons for adhering to all other formal

solemn contracts exist where sheriffs' contracts are regular and made under no misapprehension as to material facts. We are clearly of the opinion that the rule was founded upon the soundest reason, and should be adhered to. If the decree of the court below had for its foundation, only the reason, that inadequacy of price was sufficient to set aside the sale, we would reverse it as a palpable abuse of discretion. But it also rests upon a much sounder one; the court states, that all parties interested acted on the mistaken belief that the purchase was subject to the mortgage; this was such a mutual mistake as would in most cases relieve parties from the obligation of their contracts. Undoubtedly, courts have, in cases where the purchaser believed he bought the land discharged from the lien of a mortgage, relieved him from the obligation incurred by his bid, if he made prompt application before acknowledgment of deed. And, on the other hand, there is no reason here why this purchaser should get for $400 a property which he thought he was paying more than $2,400 for. This mutual misapprehension, coupled with inadequacy of price, warranted the decree, and therefore there was in fact no abuse of discretion.

There being no such abuse apparent from the record or averments of appellant the appeal is quashed.