# Fidelity Building and Loan Association of Lebanon *v.* Uhler.

*Sheriff's sale—Setting aside sale—Inadequacy of price—Misdescription
—Mistake of attorney.*

A sheriff's sale of real estate will be set aside where it appears that the
property sold for $50.00 while it was worth $3,000, that there was a ma-
terial misdescription of the real estate by the sheriff, that the attorney
representing the exceptant to the sale was under a misapprehension as to
what liens were discharged, and that the exceptant at a resale would bid
over $3,000.

Argued Feb. 18, 1901.   Appeal, No. 371, June T., 1898, by
Ezra Meyer, purchaser, from order of C. P. Lebanon County,
June T., 1898, No. 137, making absolute a rule to set aside a
sheriff's sale, in case of The Fidelity Building and Loan Associa-
tion of Lebanon, Pa., v. John Uhler.   Before McCOLLUM, C. J.,
FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Rule to set aside sheriff's sale.

EHRGOOD, P. J., filed the following opinion :

The sheriff sold the property of the above named defendant
upon a writ of fieri facias, issued out of the court of common
pleas of Lebanon county.

The depositions before us show that a property, worth at least $3,000, was sold for $50.00. It is to be regretted that in a case like the present the court is powerless to grant relief on the ground of inadequacy of price alone. If there were no other reasons why this sale should be set aside, the property of the debtor, who for the time was perhaps rendered financially helpless, would be taken from him and the indebtedness for which it was sold would still remain unpaid.

In Ritter v. Getz, 161 Pa. 650, the court says: "The price was grossly inadequate, and the court was at liberty to seize upon any other circumstances in order to give relief." There are other circumstances and irregularities that must be considered by the court.

Justice GREEN in Media Title & Trust Co. v. Kelly, 185 Pa. 133, says: "In a clear case of inadequacy of price, the court will seize hold of a slight irregularity to set aside the sale."

The second exception relates to want of a proper description of the real estate by the sheriff. The lot is described as being twenty-three feet by 200 feet. "The improvements consist of a three-story brick building, twenty-three feet, four inches by forty-six feet, six inches; one-story frame addition, twenty-three feet and four inches by forty-two feet and six inches."

The lot, however, under the testimony, in front is also twenty-three feet and four inches, title to which was acquired by two separate deeds. That part of the lot described by the sheriff being one purchase, and the four inches additional another purchase. If no exceptions had been filed, it is quite likely that the purchaser would have received a deed from the sheriff for a lot twenty-three feet by 200 feet, with a building erected thereon four inches wider than the lot.

We deem the misdescription sufficient to be noticed by the court. The description of the improvements is very unsatisfactory, to say the least. It is further alleged, and we so find, that the attorney who represented the exceptant at the sale was under the impression that the real estate in question was being sold on a different writ from that upon which it was sold, and that the mortgage held by the plaintiff, which was a lien on said property, was not discharged. Whereas, in fact the property was sold upon a fieri facias issued upon a judgment, entered upon a bond with warrant of attorney to confess judgment,

which was secured by the said mortgage of said plaintiff. The plaintiff's attorney having issued both writs, should have been aware of what property was being sold under each writ, but he says he was laboring under a wrong impression, otherwise he would have bid, and would now bid, over $3,000.

Justice LEWIS in Cummings's Appeal, 23 Pa. 513, says: " The object of a sheriff's sale is the conversion of the debtor's estate into money for the payment of debts. It is the policy of the law that the highest price should be obtained at the least expense. It is against the interest of debtors and creditors that the property should be sold for less than its value."

If this sale were confirmed, neither the debtor nor his creditors would derive any benefit from the property sold. The misdescription and want of a fuller description as well, and misapprehension of counsel for plaintiff, taken with gross inadequacy of price, or rather with no price above sheriff's costs, we think fully warrants us to refuse to confirm this sale.

And now, July 30, 1900, rule made absolute and sale set aside.

*Error assigned* was the order of the court.

*John Benson*, for appellant.—A sheriff's sale cannot be set aside for mere inadequacy of price : Hollister v. Vanderlin, 165 Pa. 248 ; Cake v. Cake, 156 Pa. 47 ; Young's Appeal, 2 Pa. & W. 380.

*George B. Schock* and *Thomas H. Capp*, for appellee, were not heard.

PER CURIAM, May 27, 1901 :

This was a proceeding to set aside a sheriff's sale of real estate worth at least $3,000, and sold for $50.00. The misdescription of the property taken in connection with the gross inadequacy of price and the misapprehension of the plaintiff's attorney concerning the sale was quite sufficient to justify the court in setting it aside. The motion to set aside the sale was followed by the rule prayed for which was subsequently made absolute and resulted in setting the sale aside. It is not necessary to specify the proceedings in detail or to refer to all the

testimony pertinent to the question raised by the rule to show cause. All the matters that are important are included in the opinion of the learned judge of the court below, and on that opinion we affirm the decree setting aside the sale.

Decree affirmed.