## Barnes v. Skiles.

*Sheriffs' sales—Jurisdiction of court—Setting aside sale—Acts of April 10, 1849, P. L. 597, and March 10, 1858, P. L. 91.*

The delivery by the sheriff to a purchaser at a sheriff's sale of a paper stating that the purchaser had bought at the sale certain stock of a corporation at a price named, will not deprive the court of the jurisdiction which it has under the Acts of April 10, 1849, P. L. 597, and March 10, 1858, P. L. 91, to examine into the regularity of the sale, where it appears that the application to have the sale set aside was made before the return day of the writ, and within fifteen days after the sale, that neither transfer of the stock on the books of the company nor delivery of the certificate had taken place, and that there was nothing in the special circumstances of the case which made the omission to move earlier prejudicial to the rights of any of the parties concerned.

Where the evidence shows that the price brought at the sheriff's sale was inadequate, that the sheriff had posted only two or three handbills instead of six as the law required, and that the defendant had no actual knowledge that a day and hour had been set for the sale, and that he was not present at the sale, the court is warranted in setting the sale aside.

The matter of setting aside sheriffs' sales belongs to the class in which the courts exercise discretionary power. The appellate court will not presume that the court below acted arbitrarily and without proper proof of the facts upon which to base its action and will not reverse such action, whether setting aside or refusing to set aside the sale, unless there be manifest abuse of discretion.

Argued Dec. 14, 1905. Appeal, No. 226, Oct. T., 1905, by Albert E. Barnes, from order of C. P. No. 2, Phila. Co., March T., 1905, No. 3,740, making absolute rule to set aside sheriff's sale in case of Annie E. Barnes v. Charles E. Skiles. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to set aside sheriff's sale.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order making absolute rule to set aside sheriff's sale.

*Henry Spalding*, of *Fell & Spalding*, for appellant, cited: Lawrence v. Gallagher, 2 W. N. C. 261; Lex v. Potter, 16 Pa. 295; Weitzell v. Fry, 4 Dallas, 218; Media Title & Trust Co. v. Kelly, 185 Pa. 131; McMichael v. McDermott, 17 Pa. 353; Laird's App., 2 Pa. Superior Ct. 300; Stroup v. Raymond, 183 Pa. 279; Swires v. Brotherline, 41 Pa. 135.

*A. L. Wanamaker*, for appellee, cited: Gibbs v. Neely, 7 Watts, 305.

OPINION BY RICE, P. J., March 12, 1906:

This is an appeal from an order, made upon the application of the defendant in the execution, setting aside a sheriff's sale of 49,174 shares of the capital stock of Thunder Mountain Gold Company, owned by and standing in the name of the defendant. On the day of the sale the deputy sheriff delivered to the purchaser a paper, the material part of which is as follows:

"PHILADELPHIA, October 9, 1905.

" MR. ALBERT E. BARNES, bought at sheriff's sale, A. E. Barnes v. Skiles, C. P. 2 M. T. 1905, No. 3740. S. W. Barnes v. Skiles, C. P. 3 M. T. 1905, No. 3741. All of defendant's shares of stock and right, title and interest of, in and to Thunder Mountain Gold Company, being about 49,174 shares, . . . $5.00.

"Received payment,

" PETER SAYBOLT,

" Deputy Sheriff."

The first question presented by the appellant, the purchaser, is as to the power of the court. The Act of April 10, 1849, P.`L. 597, extended throughout the state by Act of March 10, 1858, P. L. 91, authorizes the court from which any execution or order of sale shall issue for the sale of personal property " to inquire into the regularity and fairness of the sale at the instance of any party interested by execution, foreign or domestic attachment, or under a general assignment upon affidavit of the circumstances before delivery of the goods; and if it appear that the sale shall have been so irregular or fraudulent, as in the opinion of the court to have produced a sacrifice of the property to the prejudice of any such party, it shall be competent for the court to set aside such sale, and the same property may be again exposed to sale, as if no such previous sale had been made." Whether or not this act applies strictly to an application made by the defendant in the execution we regard as immaterial so far as a disposition of the present case is concerned. The principles embodied in the act are those which ought to control the disposition of the case.

It is argued that the court had no power to set aside the sale, because the application was not made until after delivery of the above quoted paper, which, it is contended, was a constructive delivery of the stock, and the only delivery the sheriff could make. But this paper was not a transfer of the stock, nor was it, in and of itself, complete evidence that the title had passed to the purchaser. It is quite different from a sheriff's deed of real estate, and the principle, upon which it has been repeatedly held that after deed duly acknowledged in court and delivered it is too late to set aside the sale summarily, does not apply. Its words do not clearly import more than a receipt for the amount of the purchaser's bid, and in determining whether the application to set aside the sale was made in time we think it cannot be regarded as having any other effect, standing by itself. We base this conclusion not alone upon the ground that the words " delivery of the goods " do not literally describe the act or event which is set up here as a bar to the application, but upon that and the additional ground that the reason of the limitation does not require that the delivery of such a paper be given the same effect as manual delivery of tangible property. The application having been made before

the return day of the writ and within fifteen days after the sale, and neither transfer of the stock on the books of the company nor delivery of the certificate having taken place, and there being nothing in the special circumstances of the case which made the omission to move earlier prejudicial to the rights of any of the parties concerned, we hold that it was not made too late to give the court jurisdiction.

It is well settled that inadequacy of price, without more, is not sufficient ground for setting aside a sheriff's sale: Myers's Est., 192 Pa. 458; Stroup v. Raymond, 183 Pa. 279; Westmoreland Guarantee Building & Loan Association v. Nesbit, 21 Pa. Superior Ct. 150. But where the price is grossly inadequate the court may seize upon other circumstances in order to give relief: Ritter v. Getz, 161 Pa. 648; Phillips v. Wilson, 164 Pa. 350; Stroup v. Raymond, 183 Pa. 279; Light v. Zeller, 195 Pa. 315. The act of 1849 recognizes the authority of the court to set aside a sheriff's sale of personal property for such irregularity in the sale as, in its opinion, produced a sacrifice of the property to the prejudice of the party complaining. Here it is admitted that the defendant had no actual knowledge that a day and hour had been set for the sale and was not present or represented at the sale. It is also admitted that, although the act of 1836 required the sheriff to post no fewer than six handbills, he posted only two, or at the most, three. This was a gross irregularity, and we do not regard it as a sufficient answer to the objection to say that no more effectual notice would have been given if the sheriff had posted six handbills on the billboard in his office. As to the question of adequacy of price the petitioner's allegation was that the stock which sold for $5.00 was worth $30,000. While the respondent did not admit this, but alleged that the stock had no value except a speculative one, yet he did admit that prior to the sale he authorized the plaintiff's attorney to bid for the stock up to $800, and agreed if the stock was bought for him for less than that amount to pay the plaintiff the difference between the $800 and the amount of the bid. The court was warranted in considering this as some evidence that the stock was worth much more than the price for which it sold.

The matter of setting aside sheriffs' sales belongs to the class in which the courts exercise discretionary power. The

appellate court will not presume that the court below acted arbitrarily and without proper proof of the facts upon which to base its action, and will not reverse such action, whether setting aside or refusing to set aside the sale, unless there be manifest abuse of discretion. In addition to the ˙foregoing cases we refer to Germer v. Ensign, 155 Pa. 464; Laird's Appeal, 2 Pa. Superior Ct. 300, and the cases there cited. We do not find that the court exceeded its power or was guilty of abuse of discretion in this case.

The order is affirmed and the appeal dismissed at the costs of the appellant.