# Haspel, Receiver, v. Lyons, Appellant.

*Execution—Sheriff's sale—Setting aside of sale—Discretion of court—Review.*

1. The action of the court of common pleas in setting aside a sheriff's sale of real estate before acknowledgment of a sheriff's deed, will not be reversed, where it appears that the property was assessed for taxation at $1,200, that its real value was $800, that the bid at the sale was $200, and that an attorney employed to attend the sale and bid to the sum of $800 had failed to do so because of his misapprehension as to the discharge of a lien upon the property.

2. While inadequacy of price is not of itself sufficient to justify the setting aside of a sheriff's sale, yet when there is great inadequacy, the

court may seize upon other circumstances in order to give relief. Its discretion in doing so, if properly exercised, will not be reviewed by the appellate court.

Argued Oct. 12, 1909. Appeal, No. 110, Oct. T., 1909, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1905, No. 823, making absolute rule to set aside sheriff's sale of real estate in case of Lewis A. Haspel, Receiver of the United Building & Loan Association, v. Bridget McLaughlin-Lyons and Frank B. Ellis. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to set aside sheriff's sale.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute order to set aside sheriff's sale.

*Joseph E. Sagebeer*, for appellant.—Inadequacy of price alone is not sufficient reason to set aside a sheriff's sale, and the setting aside of a sheriff's sale for no other reason than inadequacy of price is such an abuse of discretion as will require the Supreme Court to reverse the decree: Young's App., 2 P. & W. 380; Cummins v. Little, 16 N. J. Eq. 48; Myers's Est., 192 Pa. 458; Weitzell v. Fry, 4 Dallas, 218; Trust Co. v. Kelly, 185 Pa. 131; Stroup v. Raymond, 183 Pa. 279.

*Edmund Randall*, with them *Thomas A. Mullin* and *James A. Flaherty*, for appellee.—The exercise of the power to set aside a sheriff's sale is purely a matter of judicial discretion with the lower court and an appellate court will not review its exercise, except in extreme cases of abuse: Light v. Zeller, 195 Pa. 315; Germer v. Ensign, 155 Pa. 464; Laird's App., 2 Pa. Superior Ct. 300; Ritter v. Getz, 161 Pa. 648.

OPINION BY RICE, P. J., December 13, 1909:

An application to set aside a sheriff's sale before acknowledgment of the deed belongs to the class of cases in which the courts of common pleas have immemorially exercised discre-

tionary power. The appellate court will not presume that
the court below acted arbitrarily and without proper proof
of facts upon which to base its action, and will not reverse
such action, whether setting aside or refusing to set aside,
unless there be error of law apparent in the record or abuse
of discretion be shown. It was alleged in the defendant's
petition for the rule to show cause why the sheriff's sale of
her real estate should not be set aside, and was not denied in
the answer of the plaintiff or of the purchaser, that the prop-
erty which was struck down upon the latter's bid of $200,
was assessed for the purpose of taxation at $1,200 and was
worth at least $800, which latter sum, it was alleged, the
defendant's husband was and is willing to pay for the same.
Other averments of the petition will be referred to later. The
petition was presented two days after the sale. The rule was
made absolute upon payment of the sheriff's costs and entry
of a bond to secure a bid of $800 at the next sale. The hard-
ship that would result from permitting the sale to stand in
the face of the certainty that at a resale the property would
bring approximately what it was worth, which was at least
four times the sum bid by the appellant, would appeal very
strongly to the conscience of a court having discretionary
authority to set aside a judicial sale for gross inadequacy of
price. But it always was the rule that mere inadequacy of
price, without more, is not sufficient ground for setting aside
a sheriff's sale made upon an execution regularly issued. And
it was declared in Stroup v. Raymond, 183 Pa. 279, that
where the common pleas sets out its reasons for setting aside
the sale, and it affirmatively appears therefrom that its sole
reason was inadequacy of price, the appellate court will re-
verse the order as a palpable abuse of discretion. In the pres-
ent case the court did not set out its reasons, but even if it
be assumed that no other reason was alleged or shown than
those set out in the petition, it does not necessarily follow
that there was such manifest abuse of the discretion in setting
aside the sale as would justify a reversal of the order. The
petition contains certain allegations as to what took place at
the sale, which, if true, were proper to be taken into consid-

eration in connection with the undisputed gross inadequacy of price. Whether they were true or not was for the court's determination exclusively, and its conclusion upon that question of fact is not reviewable upon appeal. If authority for the latter proposition be needed, it, as well as the reason upon which it rests, will be found in Laird's App., 2 Pa. Superior Ct. 300, and the cases there cited. But apart from these allegations, there is the allegation that an attorney was employed to attend the sale and bid in behalf of defendant's husband the sum of $800, and that he did attend but neglected to bid beyond $200 because of his misapprehension as to the discharge of the lien of the judgment on the mortgage. This was a mistake of law, it is true, but the cases show that the courts have seized on similar mistakes where there was gross inadequacy of price, and in so doing have been held not to have abused their discretionary power: See 1 T. & H. Pr., sec. 1272; also Phillips v. Wilson, 164 Pa. 350; Fidelity Building & Loan Assn. of Lebanon v. Uhler, 199 Pa. 417; Ritter v. Getz, 161 Pa. 648; Stroup v. Raymond, 183 Pa. 279. We cite these cases not because all of them are exactly parallel with the present, but because they relate particularly to the subject of mistake and surprise as ground for relief when connected with gross inadequacy of price. The cases are very numerous in which it has been declared to be the settled rule that while inadequacy of price is not of itself sufficient to justify the setting aside a sheriff's sale, yet when there is great inadequacy the court may seize upon other circumstances in order to give relief. In one of the latest cases it is said: "What other circumstances are sufficient for this purpose is largely in the discretion of the court below, and whether or not we should in its place have reached the same conclusion in the present case, we have not been convinced that there was error which calls for reversal:" Light v. Zeller, 195 Pa. 315. The same may be said with equal propriety in the present case.

The appeal is dismissed at the costs of the appellant.