## Morelli State Bank v. Deolio.

*Sheriff's sale—Inadequacy of price—Misunderstanding of facts—Resale.*

1. Mere inadequacy of price, without more, is insufficient ground for setting aside a sheriff's sale, but where such inadequacy is the result of irregularities, misunderstanding or misapprehension, then, in such case, the court, in its discretion, ordinarily ought to set aside the sale and order a resale.

2. Where it appears that there is a *bona fide* misunderstanding as to the amount of a bid, resulting in a sale at an inadequate price, the court, in the exercise of its discretion, ought to order a resale.

Rule to show cause why sheriff's sale should not be set aside. C. P. Washington Co., Nov. T., 1926, No. 3.

*Myer Goldfarb* and *A. L. Zeman*, for petitioner.

*J. R. Irwin Knox*, for respondent; *Hamilton & Pipes*, for sheriff.

CUMMINS, J., May 9, 1927.—The petitioner, Morelli State Bank of Steubenville, on Aug. 24, 1926, pursuant to a power of attorney contained in a certain mortgage bond, caused to be entered against defendants, Mary Deolio, a judgment for $1639.50, with interest from Aug. 24, 1926, with costs, attorney's commission of 5 per cent., waiving inquisition, exemption and stay of execution; and on the same date caused to be issued on said judgment a writ of execution, a writ of *fi. fa.*, whereunder the real estate described in the mortgage accompanying the aforesaid bond was levied upon, duly advertised and, on Nov. 16, 1926, sold at public outcry to one Joseph Brown at and for the sum of $915. The case is before the court on the execution plaintiff's rule upon the purchaser, Joseph Brown, and the Sheriff of Washington County to show cause why said sale should not be set aside.

From the facts admitted in the pleadings and the evidence taken on the issue raised by the execution plaintiff's petition for rule and the respondents' answers thereto, the court finds the following facts: The amount of the

Morelli State Bank v. Deolio.

execution plaintiff's claim, including debt and taxes, was $1894.35; the property sold has a market value of $3000; the price at which the property sold, to wit, $915, was grossly inadequate; the execution plaintiff had instructed its attorney that "if there will be no other buyers . . . to bid for same to justify our claim, plus costs;" W. R. Dennison, Esq., attorney for the execution plaintiff, attended the sale, and had with him his client's letter instructing him to bid to the amount of its claim and costs, as well as a calculation showing the total amount of his client's claim, costs and taxes; the execution plaintiff's attorney knew that the lien of his client's claim would be divested by the sale; at the sale, execution plaintiff's attorney, W. R. Dennison, Esq., intended to bid "debt and taxes," and did either bid "debt and taxes," or, through a slip of the tongue, said "costs and taxes;" the execution plaintiff has agreed to bid the sum of $1894.35 for the premises in question, and has given its bond in the sum of $3800, conditioned on its bidding such bid in case of a resale. The sale has not been confirmed; no sheriff's deed has been acknowledged or delivered.

Mere inadequacy of price, without more, is insufficient ground for setting aside a sheriff's sale (Weitzell's Lessee v. Fry, 4 Dallas, 218; Trust Co. v. Kelly, 185 Pa. 131; Stroup v. Raymond, 183 Pa. 279), but where such inadequacy is the result of irregularities, misunderstanding or misapprehension, then in such case the court, in its discretion, ordinarily ought to set aside a sale and order a resale: Ritter v. Getz, 161 Pa. 648; Phillips v. Wilson, 164 Pa. 350; Cummings's Appeal, 23 Pa. 509, 513; Myers's Appeal, 192 Pa. 458, 460-461.

In Media Title and Trust Co., 185 Pa. 133, Justice Green says: "In a clear case of inadequacy of price, the court will seize hold of a slight irregularity to set aside the sale." In Ritter v. Getz, 161 Pa. 650, the Supreme Court says: "The price is grossly inadequate, and the court was at liberty to seize upon any other circumstances in order to grant relief." And in Fidelity B. & L. Ass'n of Lebanon v. Uhler, 199 Pa. 417, 419, the misapprehension of counsel as to what liens were discharged by the sale was recognized by the Supreme Court as a proper matter to be considered in setting aside the sale.

In the instant case, we are satisfied that the execution plaintiff's attorney knew that the lien of his judgment would be divested, and that having received instructions from his client to bid sufficient to protect his client, and having made a calculation of the amount of his client's claim, including costs and taxes, we believe it was his intention to bid the amount of the same. Attorney Dennison says that he bid "debt and taxes;" the sheriff says that he bid "costs and taxes." It might be difficult to determine who is correct in this dispute, but one thing is clear to the court, and that is that there was a misunderstanding or misapprehension between the deputy sheriff who conducted the sale and the execution plaintiff's attorney as to the latter's bid; and that this misunderstanding, regardless of who was responsible for it, resulted in the property in question selling at a grossly inadequate price. The court might here remark that the misunderstanding which arose in this case was probably the result of a bad custom prevailing of bidding "costs," "taxes," "costs and taxes," "debt and costs," &c., at sheriff's sales, instead of making certain definite money bids. Under all the circumstances of the case, it would appear to be unjust and inequitable not to order a resale.

And now, May 9, 1927, plaintiff's rule to show cause made absolute; the sale to Joseph Brown of the land in question at and for the price of $915 is set aside and a resale ordered.

From Harry D. Hamilton, Washington, Pa.