## Green, Receiver, v. City Garage

*Edwin W. Tompkins*, for exceptant.
*Driscoll & Gregory*, contra.

BAIRD, P. J., January 20, 1936.—On August 19, 1935, the plaintiff caused a writ of fieri facias to be issued on the above-entitled judgment, entered November 25, 1930, by virtue of which the sheriff levied upon and took in execution certain real estate of the defendants, situate in the Borough of Emporium, and after due advertisement sold the same to the plaintiff for the sum of $545.90. On October 21, 1935, the sheriff made return of said sale and attached thereto the following schedule of distribution:

| | |
|---|---:|
| Costs on said writ (as per itemized statement) | $93.91 |
| 1933 taxes and costs | 156.72 |
| 1934 taxes and costs | 153.76 |
| 1935 taxes | 141.51 |
| Total | $545.90 |

On the same day the sheriff's return of sale and schedule of distribution was read in open court, as required by rule of court, and confirmed nisi, to be absolute unless exceptions were filed within five days.

On October 24, 1935, the Commonwealth of Pennsylvania filed exceptions to said return and schedule of distribution, as follows:

"1. Neither the said County of Cameron nor the tax collector of Emporium Borough are entitled to receive said taxes or any part thereof or to receipt for the same, for the reason that Commonwealth of Pennsylvania holds a gasoline tax lien entered to No. 4, October term, 1933, Court of Common Pleas of Cameron County, Pennsylvania, in the sum of $3,656.08, plus interest, penalties and costs against City Garage, Joseph Smith and John R. Klees, which is a public account of the Commonwealth

of Pennsylvania and is by law entitled to priority in the distribution of the funds realized from the sheriff's sale of real estate of the defendant under the above captioned judgment and execution.

"2. The sum of $545.90 received for the sale of said property is wholly insufficient and inadequate, for the reason that the real estate described and set forth in the sheriff's return as having been sold by him is reasonably worth $4000 to $4500.

"3. The sale is defective, for the reason that it was sold as the property of City Garage, Joseph Smith and John R. Klees, and the deed to said property is in the names of Joseph Smith, John R. Klees and Perna M. Klees."

The Commonwealth prayed the court "to set aside the aforesaid sale or to revise the schedule of distribution, awarding the sum of $451.99 to the Commonwealth of Pennsylvania as a prior lien creditor, or to make such order in the premises as may be required by law."

The Commonwealth's lien was filed on June 21, 1933, under The Liquid Fuels Tax Act of May 1, 1929, P. L. 1037, and The Fiscal Code of April 9, 1929, P. L. 343, and is for tax on liquid fuels, interest and penalties owing by the defendants for the months of October, November and December, 1929, January to June, 1930, inclusive, November and December, 1930, and January to May, 1931, inclusive. The amounts due for each of said months were determined at various times between February 25, 1931, and August 3, 1931, inclusive.

A scire facias to reduce the Commonwealth's lien to judgment was issued on July 11, 1934, and served the same day. Judgment was taken on August 31, 1934, for want of an appearance and affidavit of defense, in the sum of $4,398.23.

The taxes to which the sheriff proposed to make distribution, according to his schedule, are taxes levied upon the property sold by the several local taxing authorities.

Under the foregoing state of facts and the law applicable thereto, we are of opinion that the proceeds of the sale, less costs on the writ, should be applied on account of the claim of the Commonwealth.

Section 12 of The Liquid Fuels Tax Act of May 1, 1929, supra, provides:

"All taxes collected by a dealer or consumer for the Commonwealth shall be considered a public account after being determined in the manner herein prescribed, and, as such, shall be a lien upon the franchises or property, both real and personal, of any dealer or consumer, after the same has been entered and indexed of record by the prothonotary of the county where the dealer's or consumer's franchises or property are situated."

Section 1401 of The Fiscal Code of April 9, 1929, P. L. 343, reads as follows:

"All State taxes imposed under the authority of any law of this Commonwealth, now existing or that may hereafter be enacted, and unpaid bonus, interest, penalties, and all public accounts settled against any corporation, association, or person, shall be a first lien upon the franchises and property, both real and personal, of such corporation, association, or person, from the date of settlement, and whenever the franchises or property of a corporation, association, or person, shall be sold at a judicial sale, all taxes, interest, bonus, penalties, and public accounts, due the Commonwealth, shall first be allowed and paid out of the proceeds of such sale, before any judgment, mortgage, or any other claim or lien against such corporation, association, or person".

As stated by Judge Darr in Young v. Young, 18 D. & C. 353, these two statutes, read together, leave no doubt that The Liquid Fuels Tax Act, supra, makes such claim a lien and "a public account", and The Fiscal Code of April 9, 1929, supra, gives it a priority over all other liens. See also In re Belman et al., 18 D. & C. 569. In South Philadelphia State Bank's Insolvency, 295 Pa. 433, 439, it is held that the State of Pennsylvania has a sover-

eign right of priority over all other creditors. See also Commonwealth v. Lowe Coal Co., 296 Pa. 359.

The Commonwealth's first exception is sustained and the sheriff's schedule of distribution is revised so as to read as follows:

| | |
|---|---:|
| Costs of writ .................... | $93.91 |
| Commonwealth's lien for liquid fuels tax, interest and penalties, on account ...................... | 451.99 |
| Total ...................... | $545.90 |

The second and third exceptions and accompanying prayer were probably intended as an application to set aside the sale and revise the schedule of distribution, although the only definite relief sought is in the alternative and leaves the choice of one of these remedies to the court. The schedule of distribution having been revised, as already appears, the prayer, literally construed, has been satisfied, but we shall treat it as it probably was intended and consider it, in connection with the exceptions, as an application both to revise the schedule of distribution and to set aside the sale. If the sale should ultimately be set aside, probably something will have to be done about refunding to the plaintiff the amount of his bid, but decision of that question, if it arises, will have to await further proceedings.

Both the second and third exceptions raise questions of fact that are not supported by depositions or otherwise, and for that reason, if no other, must be dismissed.

Standing alone, inadequacy of price is not sufficient to justify the setting aside of a sheriff's sale, but where there is great inadequacy the court may seize upon other circumstances to give relief: Ritter v. Getz, 161 Pa. 648; Carson et al. v. Ambrose, 183 Pa. 88; Light v. Zeller, 195 Pa. 315; Levi v. Greer, 236 Pa. 475; Haspel, Receiver, v. Lyons, 41 Pa. Superior Ct. 285, and many other cases to the same effect.

If it be true, as alleged in the second exception, that the real estate sold is reasonably worth $4000 to $4500, there can be no doubt that the nominal sale price is grossly inadequate, unless the lien of the Commonwealth was not divested by the sale, which may be questionable.

If it be a fact, as alleged in the third exception, that the deed (title) to the property was in the names of three persons and that it was sold as the property of the City Garage and two only of such persons, then such fact may have had the effect of deterring bidders and, considered in connection with the inadequacy of price, might prove sufficient to justify the court in setting aside the sale.

However, for lack of proof of the facts alleged, the second and third exceptions are dismissed, without prejudice, however, to the right of the Commonwealth, within 30 days, to renew its application to set aside the sale, and in the meantime absolute confirmation of the sale will be withheld.

In accordance with the usual practice such application should be in the form of a petition setting forth all the facts and circumstances upon which the petitioner relies for the relief sought, and in addition should be accompanied by an offer in writing by some responsible person to bid a substantial amount more than the amount for which the property was sold, as required by our Rule of Court 128.