# The Western Saving Fund Society of Philadelphia v. Stevenson et al.

*Townsend, Elliott & Munson,* for petitioner.
*Earl L. Cahan,* contra.

OLIVER, P. J., August 8, 1940.—This is an appeal to the equitable, discretionary power of the court. The petition recites that the attorneys for petitioner were asked to foreclose a mortgage in which suit judgment was entered in the sum of $7,196.72. A writ of levari facias was issued, and in execution of the writ the Sheriff of Philadelphia County offered the premises for sale. At the sale one of the attorneys for petitioner, having other properties for sale, in transferring his estimates of the amounts necessary to pay the several judgments and costs, confused the amount necessary to pay the judgment in question and by mistake placed the sum of $2,550 opposite the number of the writ above referred to and the sum of $7,800 opposite the number of a writ where the judgment was $2,557.35. The property was sold by the sheriff for $2,500—the attorney for petitioner mistakenly assuming that this sum was sufficient to pay the debt, although his client, petitioner, had instructed him to bid the sum of $7,800. Petitioner avers it is prepared to bid that amount.

The property is assessed at the sum of $14,000, and it is obvious the bid of $2,500 was grossly inadequate. The sheriff's deed has not been acknowledged.

To this petition an answer was filed by E. L. Cahan, stating that he was acting for Rubin M. Master and Edna B., his wife. It denies none of the averments of the petition, but disclaims knowledge and asks proof. The only relevant averment is the statement in paragraph 10 —that he is informed the premises have been vacant for a long time and by reason thereof the value of the premises is much below $7,800 and not much more than $2,500. This, of course, is not proof.

No depositions have been taken in support of the averments, although ample opportunity has been afforded and two meetings were fixed by respondent for that purpose.

The testimony produced on the part of petitioner shows that J. C. Murtagh, a member of the firm of Townsend, Elliott & Munson, representing petitioner in connection with the foreclosure of a mortgage on property 4916

Wynnefield Avenue, 34th Ward, City of Philadelphia, attended a sheriff's sale of the property on the first Monday of April 1940. From instructions received from his client, he was directed to bid for the premises the sum of $7,800. In addition to the premises in question, he had, on the same day, other properties for sale for other clients. He erroneously placed opposite writ no. 100 the figure of $7,800 which should have been placed opposite writ no. 99 in question and the property was knocked down by the sheriff for the sum of $2,500 to E. L. Cahan, 12 South Twelfth Street. J. C. Murtagh, immediately upon the discovery of his error, called on Mr. Cahan on the morning following the sale. Mr. Cahan stated he was acting for a client and would let Mr. Murtagh hear from him. The original sheriff's catalog was offered in evidence and is attached to the depositions. Mr. Murtagh did not realize when he permitted the property to be sold for $2,500 that the lien of his client, in excess of $7,800, was being discharged.

E. R. Werner, vice president of The Western Saving Fund Society of Philadelphia, the plaintiff company, stated that Mr. Murtagh submitted an estimate of the complete cost in connection with the foreclosure and that he instructed Mr. Murtagh to bid $7,800 for the property. On behalf of his company he is willing to give a bond, in the event that the property is resold, that it will bid the sum of $7,800.

S. Craig Kane, Jr., a real estate broker, in business for 15 years, appraised the property in question on April 26, 1939, and on May 1, 1940. He made a thorough examination of the premises and appraised the same—land at $3,800, garage $500, and buildings $5,050, or a total of $9,350. The property was assessed in 1940 at $14,000. He referred to sales in the same block. This particular property was sold in July 1939 to Jacob Belmont for $8,738; December 1939, to Howard A. Costello for $8,500, and in June 1938, premises 4911 Wynnefield Avenue were sold to Nathan Berman for $8,800. He pro-

duced a photograph of the premises which was offered in evidence and is attached to the depositions.

To contradict this evidence, counsel for respondent fixed two dates to take testimony, but no evidence was produced to contradict the above statement of facts.

It is apparent an honest and unintentional mistake was made by Mr. Murtagh which resulted in a valuable property, worth $9,300, being sold for $2,500. If the sale is permitted to stand, his client will suffer a loss of the difference. There is no doubt that petitioner is sincere in its offer and is financially capable of bidding the sum of $7,800 in the event of a resale of the property. It is obvious, therefore, that the price at which the property was sold by the sheriff is grossly inadequate and that great injustice will be done if the sale is permitted to stand. The sheriff's deed has not been acknowledged and, therefore, the court has the power, in its discretion, to set aside the sale and order a resale.

In Phillips v. Wilson, 164 Pa. 350, it was held that a court did not abuse its judicial discretion in setting aside a sheriff's sale where it appeared that only $195 was bid at the sale, where the application to set aside the sale was accompanied by an offer to bid $1,500, and it also appeared that counsel for a mortgage creditor had neglected to bid under a mistaken impression that the mortgage would not be discharged.

In Ritter v. Getz, 161 Pa. 648, it was held that when the price is grossly inadequate the court is at liberty to seize upon any other circumstance in order to give relief.

In Fidelity B. & L. Assn., etc., v. Uhler, 199 Pa. 417, it was held that a sheriff's sale of real estate will be set aside where it appears that the property sold for $50 while it was worth $3,000; that there was a material misdescription of the real estate by the sheriff; that the attorney representing the exceptant to the sale was under a misapprehension as to what liens were discharged, and that the exceptant at a resale would bid over $3,000.

See also Laird's Appeal, 2 Pa. Superior Ct. 300, Barnes v. Skiles, 30 Pa. Superior Ct. 418, Haspel, Receiver, v. Lyons, 41 Pa. Superior Ct. 285, Stroup v. Raymond, 183 Pa. 279, and First National Bank of Koppel, to use, v. Mount et al., 132 Pa. Superior Ct. 518.

For the reasons above set forth, we entered an order making absolute plaintiff's rule to set aside the sheriff's sale of the premises above referred to.