## SOLOMON v. PARNELL.

September 29, 1838.

*Rule to show cause why the acknowledgment of a sheriff's deed should not be vacated, and his sale set aside.*

1. The court will not interfere on the application of a subsequent mortgage creditor, to vacate the acknowledgment of a sheriff's deed, although made

[Solomon v. Parnell.]

before the return of the writ, and the sale was made without due notice by him of the time and place thereof.

2. *Qu.* as to the sheriff's responsibility or the title of the purchaser?

THE case was this. A *levari facias* on a first mortgage had issued on the 12th day of May, 1838, returnable "*on the first* Monday of May next." This was evidently a mistake for the first Monday *of June;* but had not been corrected by any application to the court. The sheriff advertised the property for sale, to take place on the 28th May, 1838, but only advertised, as to the public papers, in the National Gazette on the 19th of May, and in the United States Gazette on the 28th of May, so that there was not ten days' notice of the time and place of sale. The sheriff sold the property to Mary Blight on the 21st of May, for 1,250 dollars. On the 9th of June, 1838, on proclamation, he acknowledged in this court a deed to the purchaser, being after the first Monday of June term. The writ was not actually returned at the time of the acknowledgment.

On the application of a *second* mortgagee of the premises, a rule to show cause why the sheriff's acknowledgment and deed should not be vacated was granted. Affidavits as to inadequacy of price were read.

The following reasons for the rule were filed:

"1. No notice was given of the time when the deed was to be acknowledged.

"2. The deed was acknowledged before the return day of the writ.

"3. The deed was acknowledged before the writ was returned."

And they except to the sale because,

"1. No notice of the sale was given to the said mortgagees, to which notice they were entitled, having been made parties to the action, and served as such.

"2. Ten days' notice of the sale was not given, and the advertisements of the sheriff were calculated to mislead.

"3. The said parties were misled, by an arrangement entered into, together with the present purchaser, and at her suggestion, whereby the said parties were led to believe that a sale of the whole property in question would be effected, before any sale by the sheriff, of the aforesaid 'one-fifth' part, would be made, and therefore supposed their interests entirely protected.

[Solomon v. Parnell.]

" 4. The sum for which the property sold, was entirely inadequate and below its value."

*O. Thompson*, and *F. W. Hubbell*, for the rule.

1. The acknowledgment was made before the writ was returned or returnable. This makes it void. *Act of* 1765 ; 94th sect. of act of 16th June, 1836, (*Stroud's Purd. tit. Execution ;*) Porter v. Beeby, 1 *Smith's Laws* 65 ; *Rule* 61 *of this Court;* 3 *Yeates* 406. The court can interfere under the act of 1836, 94th and 95th sections, 1 *Miles* 239 ; 6 *Binn.* 254.

2. The acknowledgment is but a declaration of the sale, which if void as here, for want of notice, all is void. 3 *Cranch* 300.

*Blight* and *Kittera*, contra.

1. The court has no power to interfere—it acts ministerially in taking the acknowledgment of a sheriff's deed, and it has no power over the sheriff.

2. But the purchaser has a vested title. She has paid the purchase money, the deed has been acknowledged and delivered to her. She has the title, notwithstanding any irregularities. It is too late to object to the sale after the acknowledgment of the deed, 1 *Browne* 218. The absence of the return of the writ, 1 *Rawle* 95, or a defect of notice of sale, 4 *Dall.* 218, does not vitiate the title. And see 2 *Penn.* 380 ; 6 *Watts* 140 ; 1 *J. C. C.* 502.

PER CURIAM.—As a general rule the court has power to revise its acts, if a proper ground be laid promptly. But we do not see on what ground we can vacate the sheriff's acknowledgment of his deed. The act is his as much as his return to the writ upon which the property was sold, but with this difference, that a sheriff is allowed to amend his return to a writ, if his application therefor be in reasonable time, but in case of a deed it is so far from being a matter of course to take it back, that an application for that purpose, has seldom if ever been made. Supposing however, that we could vacate our own act as to the reception of the acknowledgment, how can we recall the deed, or cancel the certificate of the prothonotary endorsed on it. These have become the *property of the purchaser,* and whether he is at any risk as to his title, in consequence of the alleged irregularities here, or the

[Solomon v. Parnell.]

sheriff is responsible to any party for them, we are not called on to decide. The simple question is, have we power to interfere with the acts of the sheriff, to aid the parties or any of them. We think we have not, especially as the object of the act of 1836, prescribing that the acknowledgment of sheriff's deeds shall be made upon *proclamation*, intends that all objections as to irregularities, if up to that time any exist, should then be made.

Rule discharged.

