## Klopp *versus* Witmoyer and Arentz, Garnishees.

*Invalid Sheriff's Sale of Personal Property ratified by Defendant.*

1. A sale by one, of the property of another, acting as his agent without authority, is valid, if afterwards sanctioned and ratified.

2. Thus where a defendant by his acts and declarations has sanctioned and confirmed a sheriff's sale of his property which had been set aside for irregularity, it was *Held*, that the sheriff was to be treated as a mere unauthorized agent, and therefore the sale by him, after the assent and confirmation of the defendant and former owner, was valid.

ERROR to the Common Pleas of *Lebanon county*.

This was a second trial of the preceding case under the *venire de novo* directed by the Supreme Court.

There was little if any new evidence offered on this trial, but it was contended that even if the sheriff's sale was a nullity, it was afterwards confirmed by John H. Witmoyer, who was not only present at the sale, but subsequently thereto remained in charge of the property, and sold it out for the defendants, and that having by these acts recognised the defendants as the owners of the property, they could hold it as such not only against him, but also against his creditors, and so the court below instructed the jury.

There was a verdict and judgment in favour of the defendants; whereupon the plaintiff sued out this writ, and assigned for error here the ruling of the court as above stated.

*Levi Kline* and *Joseph Funck*, for plaintiff in error.

*John C. Kunkle* and *John W. Killinger*, for defendant.

The opinion of the court was delivered, June 26th 1862, by

LOWRIE, C. J.—We have not far to go for the rule of law that very obviously and conclusively rules this case. If this sale of John H. Witmoyer's property had been made by one acting as his agent, without any appointment as such, and Witmoyer had afterwards given it the same amount of sanction that we find here, no one would have doubted that the sale would have been fully confirmed and ratified. And yet it was at the first void for want of authority.

Now, this sale was by the sheriff, as an agent or minister of the law, and we have declared it void, because he departed from the proper forms of the law in making it. The consequence is, that he must be treated as a mere unauthorized agent. He did sell that property as matter of fact, but the sale was void for want of authority from the law or from the owner. All it wanted was authority from one or the other. The owner did most abun-

[Klopp *v.* Witmoyer and Arentz.]

dantly ratify and confirm it afterwards, and that is equivalent to a full precedent authority.

There was no fraud in the case. The jury have so found under instructions in favour of the plaintiff that are quite as strong as the law allows. The plaintiff's counsel have somewhat confused the different terms fraud, fraud in fact, and fraud in law, by not distinguishing the very different consequences that flow from each. The term fraud in law is not a very happy one, because it tends to this confusion of thought, and because it does not involve any idea of fraud at all, according to the common usage of the word. We think none of the assignments of error are sustained.

Judgment affirmed.