## Weaver v. Henninger.

*Sheriff's sales—Setting aside—Standing of judgment creditor as exceptant—Inadequacy of price—Insufficient advertisement.*

1. A judgment creditor, whose lien has been discharged by a sheriff's sale, which did not produce sufficient funds to pay his judgment, has standing to complain of an irregular sale.

2. A sheriff's sale will be set aside where the price was inadequate, a bond is offered for a substantial increase on resale, and the following irregularities appear in the advertisement: (*a*) One messuage and two tracts are described as "two certain messuages and tracts of land." (*b*) It does not state whether the tracts are contiguous. (*c*) It does not show upon which of the two tracts the messuage is situated. (*d*) While the description shows each tract to be bounded by a public road, it does not show whether it is the same road in each case, or what road. (*e*) It does not show the location of the property except by naming the township, county and state in which it is situated.

Rule to set aside sheriff's sale. C. P. Bucks Co., Sept. T., 1920, No. 12.

*Boyer & Vanartsdalen,* for rule; *C. William Freed,* contra.

RYAN, P. J., Aug. 1, 1921.—The premises of the defendant, consisting of two messuages and tracts of land, situated in the Township of Springfield, Bucks County, and containing respectively 14 acres and 124 perches and 9 acres and 78 perches, more or less, were sold by the sheriff upon a writ of *venditioni exponas* at public sale to the plaintiff in the writ for $250. Plaintiff's judgment was entered upon an exemplification from the records of the Court of Common Pleas of Northampton County on March 8, 1920, for $2200 and costs. Execution was issued thereon on July 22, 1920. The first lien upon said premises was a judgment for $500, with interest, held by E. P. Wilbur Trust Company, of South Bethlehem, Pa., and entered Sept. 20, 1917, which would be discharged by the sale. The said trust company has filed exceptions to the said sale and asked that it be set aside and offered to file its bond in this court to secure a bid of $1000 upon the property, if a resale shall be ordered. The plaintiff and purchaser objects that the exceptant, although a judgment creditor, is without standing to except to said sale. The decisions cited in support of the plaintiff's contention do not sustain it. Solomon *v.* Parnell, 2 Miles, 264, is not in point. It holds that, after a sheriff's sale and an acknowledgment and delivery of a deed by the sheriff, the court cannot interfere to vacate the acknowledgment and set aside the sale at the instance of the second mortgage creditor. Wray *v.* Miller, 20 Pa. 111, holds that, as the inquisition is designed for the benefit of the debtor only, he may allege a

want of inquisition, and that circumstances may be such as to estop the defendant in an execution from doing so, as where, as in that case, he suffers the sale to be made by the sheriff without objection, the sheriff's deed for the property sold to be acknowledged and delivered, afterward voluntarily abandons possession to the purchaser and acquiesces in the purchaser's title for a long period thereafter. Crawford v. Boyer, 14 Pa. 380, therein cited, is to the same effect. In Klopp v. Witmoyer, 43 Pa. 226, where a sheriff's sale was determined to be illegal and void, but the owner afterward ratified and confirmed it, it was held that the latter's action was "equivalent to full precedent authority." In the preceding cases, where it is held that the defendant only can complain, it is because he only is prejudiced by what has been omitted. A judgment creditor, whose lien has been discharged by a judicial sale and who must look to the fund created thereby for payment, has such an interest in the fund as to have standing to complain of a fraudulent or irregular sale which results in the creation of a fund too small to yield enough to pay him his judgment upon distribution, although the property at a fair public sale should have brought enough. See Wilbur Trust Co. v. Allam, 5 Northamp. Co. Repr. 357.

The exceptions will be entertained and considered upon their merits. They may be grouped as follows: (1) To the acknowedgment of the sheriff's deed; (2) to the inadequacy of the price at which the property was sold; (3) to the irregularity of the advertisement; (4) to the method of conducting the sale of the property. The acknowledgment is conceded to be irregular, and the plaintiff has filed a petition for leave to amend it. The acknowledgment was made by the sheriff on Sept. 10, 1920, three days before the return-day of the writ upon which it was sold. It is, therefore, void. In view of the conclusion that we have reached, it is not necessary to say more in this connection than that the void acknowledgment does not constitute a ground of exception by this judgment creditor. That the price at which the property was sold, $250, was a grossly inadequate one cannot be seriously disputed. The sheriff's inquisition appraised the property at $2146, and a witness, whose deposition was taken and filed herein and who is acquainted with the premises, values them at $1500. The exceptant offers to file its bond, guaranteeing that upon a resale, if ordered, a bid of $1000 will be made for the premises. Mere inadequacy of price alone, in the absence of irregularity or fraud, will not authorize the court to set aside a sheriff's sale: Cake v. Cake, 156 Pa. 47; Ritter v. Getz, 161 Pa. 648; Hollister v. Vanderlin, 165 Pa. 248; Fidler v. Johns, 178 Pa. 112; Media, &c., Co. v. Kelly, 185 Pa. 131. Where, however, there is gross inadequacy of price, slight irregularities will justify the court, in the exercise of its discretion, in setting the sale aside: Media, &c., Co. v. Kelly, 185 Pa. 131. In Phillips v. Wilson, 164 Pa. 350, the Supreme Court approved as within the lines of sound judicial discretion the setting aside of a sheriff's sale of a property for $195, where the application was accompanied by an offer to bid $1500 on a resale, and it appeared that counsel for a mortgage creditor had neglected to bid under a mistaken impression that the mortgage would not be discharged. A decree setting aside a sale upon the same grounds, where a property worth at least $2500 was sold for $400, was sustained in Stroup v. Raymond, 183 Pa. 279. Insufficient advertising is an irregularity which, coupled with a sale at a grossly inadequate price, will justify the court in setting the sale aside: Thomas v. Curren, 6 W. N. C. 432; Jane v. Storm, 6 Kulp, 74; Fidelity Insurance Co. v. Wilson, 13 Montg. Co. Law Repr. 184; Houghtaling v. Megahey, 19 Dist. R. 371. The advertisement in this case describes the premises as "two certain messuages and tracts of

1 D. & C.

land." The "improvements" enumerated and described mention but one dwelling-house, one barn with frame shed attached, one chicken-house and hog-pen, and "other outbuildings." The dimensions of the buildings named are given. A messuage is defined by Bouvier as follows: "A term used in conveyancing and nearly synonymous with dwelling-house." In 27 Cyc., 484, it is declared to mean "a house, or in legal acceptation, dwelling-house with the adjacent buildings and curtilage; a dwelling-house with some adjacent land assigned to the use of it." The sheriff's advertisement here mentions two messuages, but describes but one. It does not state whether the two tracts are contiguous, or, if there is but one messuage, upon which of the two tracts it is situated. While the two tracts are described by metes and bounds and each as bounded by a public road, it does not appear whether it is the same public road in each case, or what public road. It is not sufficient to say only that these tracts of land are situated in "the Township of Springfield, County of Bucks and State of Pennsylvania." They should be so described as to be easily and certainly identified from the description, which is its purpose. For these reasons, we conclude that the advertisement was insufficient, and the sale must be set aside. It is unnecessary to consider the other exceptions.

And now, to wit, Aug. 1, 1921, it is ordered that if the exceptant, E. P. Wilbur Trust Company, of Bethlehem, Pa., shall, within ten days from this date, file in this court its own bond in the sum of $2000, conditioned that it will assure a bid of $1000 for the said premises upon a resale of the same, the rule to show cause why the sheriff's sale of the same on Sept. 10, 1920, should not be set aside will be made absolute, otherwise the said rule will be discharged, at the costs of the exceptant.